## SARAH KIRRIGAN *vs.* WILLIAM KIRRIGAN.

In a suit for divorce, instituted by the wife, where it appears that the parties have already been divorced by a decree of a court of Indiana, in a proceeding instituted by the husband, the wife has no title to the aid of this court.

When it appears, by the record of the proceedings in Indiana, that the court had jurisdiction both of the parties and of the subject matter, that the defendant appeared by counsel, and has received from the clerk of that court the sum awarded her in that suit for alimony, she will not now

be permitted to impugn the decree on the ground that it was fraudulently obtained.

When it appears, to the satisfaction of the court, that the proceedings have not been instituted by the wife in good faith for the purpose of obtaining a divorce, but for the mere purpose of collecting money from her husband, or compelling him to support her, alimony will be denied, and a writ of *ne exeat* previously issued will be granted.

This case came before the court on a motion in behalf of the petitioner for alimony and counsel fees, and a cross-motion by defendant to vacate a writ of *ne exeat* previously issued, and discharge him from arrest.

*Slaight*, for petitioner, cited *Bishop on Marriage and Divorce*, § 709, 714, 756, 736 c; *Revised Statutes of Indiana*, 234, § 7.

*Zabriskie*, for defendant, cited *Story on Conflict of Laws*, § 230; *Bishop on Marriage and Divorce*, § 720, 732; *Bradshaw* v. *Heath*, 13 *Wendell* 407.

THE CHANCELLOR. The petitioner in this cause seeks a divorce from her husband on the ground of adultery. Upon filing the petition, accompanied by an affidavit of the wife that the defendant designed quickly to depart from the state, and that she believed him to be worth at least thirty thousand dollars, a writ of *ne exeat* issued, with an order endorsed requiring bond to be given in the sum of five thousand dollars. The case now comes before the court upon a petition of the complainant for an allowance of alimony *pendente lite* and counsel fees, and upon a cross-motion on the part of the defendant to be discharged from arrest under the writ of *ne exeat*. At the close of the argument the case disclosed by the evidence appeared so strong against the right of the petitioner to redress that the defendant was immediately discharged. On a further consideration of the case, I am entirely satisfied not only that the decision then made was correct, but that the application for alimony and counsel fees must be denied.

The material facts of the case, as they are disclosed by the petition or established by the evidence, are that the parties were married in the year 1842, in the city of Philadelphia, where they then resided, and where they continued to reside together as man and wife until the year 1854, when, as the petitioner alleges, the husband eloped in company with another woman, with whom he lived in adultery.    Proceedings were instituted by the wife in the state of Pennsylvania for a divorce, and on the fourteenth of September, 1854, a decree was made by the court that the husband should pay for the support of his wife six dollars a week.    On the thirtieth of January, 1855, the wife obtained an order for an additional allowance of six dollars per week, making, with the former allowance, the sum of twelve dollars per week for the support of herself and her family.    The allowance remains unpaid, except the sum of eight hundred dollars, the amount of security required and given for the performance of the order.    So far as appears, the orders for maintenance are still in force, and the proceedings for divorce pending and undetermined.    From 1854 until 1859, it is alleged that the husband resided principally in the state of New York.    On the twenty-third of February, 1859, he obtained, in the Circuit Court of the county of Whitley, in the state of Indiana, a decree of divorce against his wife from the bond of matrimony.    In 1861, the complainant instituted a suit against the defendant, in the state of New York, for her maintenance and support, which was dismissed on the ground, as she believes, that the husband was not a resident of that state.    The defendant is now transacting, with limited means, a small business in the city of New York, having his home in this state.    The complainant, since her desertion by her husband, has resided in the state of Pennsylvania, where she still continues to reside.    The adultery complained of is alleged to have been committed in this state within the last eighteen months.

I think it is apparent, from the evidence, that these proceedings were not instituted by the complainant in good faith for the purpose of obtaining a divorce, but for the mere pur-

Kirrigan *v.* Kirrigan.

pose of recovering money from the defendant, or of compel-
ling him to support her. The parties are already divorced by
the decree of a judicial tribunal, obtained by the husband in
the state of Indiana. Proceedings for a divorce were long
since instituted by the wife in the state of Pennsylvania, the
place of the parties' domicil, where, if the allegations of the
petitioner are true, a decree of divorce has been or may be
obtained against the defendant. In 1861 proceedings against
the defendant were instituted by the complainant, in the state
of New York, for her support and maintenance. On filing
her petition for a divorce in this state, the petitioner sued
out a writ of *ne exeat* upon an affidavit that he was worth at
least thirty thousand dollars, by virtue of which the defend-
ant was arrested and imprisoned. It appears satisfactorily
from the evidence that the value of the defendant's property
was grossly overrated, and that he was unable to give bail,
even in the sum of five thousand dollars. I cannot but regard
the proceedings on the part of the complainant as instituted
in bad faith, (without, as I am convinced, any participation
on the part of her counsel,) and as a gross abuse of the pro-
cess of the court. On this ground alone I should unhesitat-
ingly quash the writ of *ne exeat*, and refuse to allow alimony.
But aside from this view of the case, the petitioner has no
title to the aid of this court; as the facts now appear in evi-
dence, she is not the wife of the defendant. The parties have
been divorced by a decree of a judicial tribunal in the state
of Indiana. It is urged that that decree was fraudulently
obtained, inasmuch as at the time neither of the parties were
*bona fide* residents of that state, and that the husband went
from the state of his domicil, and took lodgings at a hotel in
the state of Indiana, for the mere purpose of obtaining the
divorce, and that he returned to the place of his domicil in
New York immediately after the decree was obtained. The
fact of the fraud is not established. It is declared by the
decree, that at the time it was granted the husband was a
*bona fide* resident of the county of Whitley, in the state of
. Indiana. The court, as appears upon the face of the decree,

N *

had jurisdiction of the parties as well as of the subject matter. Both parties were before the court. The defendant appeared by counsel. Five hundred dollars were adjudged to her as alimony by the decree. That sum the wife received from the clerk of the court in full of the alimony awarded by the decree. The wife having appeared to the suit, and having accepted the amount awarded to her by the decree for alimony, will not be permitted to impugn the decree on the ground that it was fraudulently obtained. And even if the decree might be legally assailed upon this ground, it must be presumed to be valid until the fraud is clearly established in evidence.

The motion for alimony and counsel fees is denied.